# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-61776-BLOOM/Valle

WILLIAM NEGRON

      Plaintiff,

v.

CITIMORTGAGE INC.
and SAFEGUARD PROPERTIES,

      Defendants.

_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on Defendant Safeguard Properties' ("Safeguard") Motion to Dismiss, ECF No. [46], and Defendant Sea Moore, Inc.'s ("Sea Moore") Motion to Dismiss, ECF No. [65], (collectively, the "Motions to Dismiss"), both of which seek dismissal of Counts II and III of Plaintiff William Negron's ("Plaintiff") Second Amended Complaint, ECF No. [43]. The Court has reviewed the Motions to Dismiss, the record, and the applicable law, and is otherwise fully advised. In addition, the Court had the benefit of oral argument during a hearing held on April 5, 2017. For the reasons set forth below, the Motions to Dismiss are denied.

## I.  BACKGROUND

On July 25, 2016, Plaintiff, proceeding *pro se*, filed suit against Defendant CitiMortgage Inc. ("CitiMortgage") and Safeguard, asserting thirteen claims, including claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). *See* ECF No. [1]. On October 18, 2016, the Court granted in part a

motion to dismiss filed by Safeguard, dismissing without prejudice Plaintiff's FDCPA and FCCPA claims against Safeguard. ECF No. [26] ("October 18, 2016 Order").[1]  On February 7, 2017, Plaintiff, through counsel, filed a Second Amended Complaint, ECF No. [43], which reasserted, among other claims that were previously dismissed, the FDCPA claim against Safeguard (as well as against a newly named defendant—Sea Moore) (Count II) and the FCCPA claim against Safeguard (as well as against CitiMortgage and Sea Moore) (Count III).  At issue here are the FDCPA and FCCPA claims against Safeguard and Sea Moore.

The facts of this case were set forth in the October 18, 2016 Order. However, those facts bear repeating here.  According to the Second Amended Complaint, on or about October 23, 2013, Plaintiff took possession of property located at 7735 Yardley Dr., # 402, Tamarac, FL 33321 (the "Property"), through a bankruptcy trustee sale. *Id.* at ¶¶ 26-27.  On or about August 27, 2015, CitiMortgage, "the mortgage servicing agent for [Plaintiff's mortgage on the Property]," initiated foreclosure proceedings on the Property.[2]  *See id.* at ¶¶ 1, 28.

On December 20, 2015, Plaintiff arrived to the Property after having been away and discovered that Safeguard, a "property preservation firm," "and/or its agent/contractors had trespassed and broken into his Property, changed the locks to his front door, damaged and stole his personal property, and furthermore charged Plaintiff for such activity masked as 'winterization' charges." *Id.* at ¶¶ 1, 30.  All of this was done despite Plaintiff having previously "confirmed and verified with [CitiMortgage] that he was occupying the Property and that there

---

[1] With respect to Plaintiff's FDCPA claim against Safeguard, the Court found dispositive that the initial Complaint "fail[ed] to definitively allege the existence of a debt"—a threshold requirement for claims brought under the FDCPA. *Id.* at 16; *see generally Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997) (noting a threshold requirement to an FDCPA claim is that "the prohibited practices alleged were used in an attempt to collect a debt as defined by the [FDCPA]").  As for Plaintiff's FCCPA claim against Safeguard, the Court noted that the initial Complaint failed to identify under which provision or provisions of the FCCPA on which Plaintiff's claim was based. ECF No. [26] at 20.
[2] CitiMortgage did not serve notice of the foreclosure proceedings on Plaintiff, but instead served notice on the previous owner of the Property on or about October 5, 2015. *Id.* at ¶ 28.

was a change of ownership[,]" and despite "obvious external signs at the Property [indicating] that it was occupied . . . ." *Id.* at ¶ 31. The Second Amended Complaint specifically alleges that Safeguard was acting on behalf of CitiMortgage and that Safeguard hired Sea Moore to perform the "lock-out" and conduct the property preservation services on the Property. *See id.* at ¶¶ 1, 32.

CitiMortgage filed an Answer and Affirmative Defenses to the Second Amended Complaint on February 21, 2017. *See* ECF No. [47]. In their respective Motions to Dismiss, Safeguard and Sea Moore seek dismissal of the FDCPA and FCCPA claims against them (Counts II and III), arguing that the Second Amended Complaint fails to sufficiently allege collection activity arising from a consumer debt by Safeguard and Sea Moore and that neither Safeguard nor Sea Moore constitute "debt collectors" under the FDCPA. *See* ECF No. [46] at 4-6; ECF No. [65] at 4-7. The Court heard oral argument on the Motions to Dismiss at a hearing held on April 5, 2017.[3]

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] Additionally, at the hearing held on April 5, 2017 the Court also addressed Safeguard's request that a portion of Paragraph 1 of the Second Amended Complaint—which relates to a law review article—be struck pursuant to Rule 12(f). *See* ECF No. [43] at ¶ 1. The Court granted that request and set forth its reasoning on the record.

(explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal

pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.  DISCUSSION

### A.  FDCPA Claim against Safeguard and Sea Moore (Count II)

The FDCPA, 15 U.S.C. § 1692 *et seq.*, was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA therefore prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means" and "unfair or unconscionable means" while collecting or attempting to collect any debt. *Id.* §§ 1692(e), (f). "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). Under 15 U.S.C. § 1692f(6), the specific provision of the FDCPA under which Plaintiff alleges liability on the parts of Safeguard and Sea Moore, *see* ECF No. [43] at ¶¶ 42, 44, a debt collector may not "[t]ake[] or threaten[] to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest[,]" 15 U.S.C. § 1692f(6)(A).

As a preliminary matter, in the October 18, 2016 Order, the Court noted the "considerable division among district courts regarding the issues of whether property preservation companies constitute debt collectors and whether their services relate to debt collection[,]" but found no reason to explore those issues given that the initial Complaint failed to allege the existence of any underlying debt.  *See* ECF No. [26] at 16 n.5 (quoting *Alqaq v. CitiMortgage, Inc.*, 2014 WL 1689685, at *3 (N.D. Ill. Apr. 29, 2014)); *see generally Alqaq*, 2014 WL 1689685, at *3 ("The issue of whether entities engaged in property protection related to foreclosures, such as Safeguard . . ., are debt collectors within the meaning of the FDCPA or entities whose conduct violates the FDCPA has divided district courts.") (collecting cases).  The Court finds that that deficiency has since been cured by the Second Amended Complaint's allegations of an underlying mortgage between Plaintiff and CitiMortgage.  *See, e.g.*, ECF No. [43] at ¶¶ 1, 10.  As such, the issues as to whether property preservation companies such as Safeguard and Sea Moore and their property preservation activities fall within the ambit of the FDCPA are now properly before the Court.

These issues essentially turn on the FDCPA's definition of a "debt collector," which is found at 15 U.S.C. § 1692a(6) and provides that a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  Safeguard and Sea Moore argue that property preservation companies like themselves do not constitute debt collectors under the FDCPA and that their services do not relate to debt collection.  In support of that argument, Safeguard and Sea Moore cite to three cases wherein the specific kind of activity alleged in this case—including property preservation activity—was found to have fallen outside

the scope of the FDCPA. *See* ECF No. [46] at 4-5 (citing *Alqaq*, 2014 WL 1689685; *Gordon v. Bank of New York Mellon Corp.*, 964 F. Supp. 2d 937 (N.D. Ind. 2013); *Platek v. Safeguard Props.*, 2014 WL 2808908 (W.D. Pa. June 19, 2014)); ECF No. [65] at 5-6 (same). The cases relied upon by Safeguard and Sea Moore, however, are each distinguishable from this case.

The court in *Alqaq* held that Safeguard and a codefendant's alleged conduct—which included breaking into the plaintiff's property, winterizing the property, and stealing personal belongings—"was incidental to debt collection and was not dispossession or disablement of property to enforce a security interest within the purview of § 1692f(6)(A)." 2014 WL 1689685, at *3-4. Similarly, relying on *Alqaq*, the court in *Platek* held that Safeguard's property preservation activities fell outside the scope of the FDCPA and reasoned, in part, as follows:

> [F]ederal regulations, state law and municipal ordinances often impose duties on mortgagees to secure and protect foreclosed property from deterioration. . . . In addition to potentially placing mortgagees in a situation of "damned if you do, damned if you don't," deeming the fulfillment of preservation duties as "debt collection" misconstrues the "principal purpose" of such activity . . . .

*Platek*, 2014 WL 2808908, at *1 (citing *Alqaq*, 2014 WL 1689685, at *3) (internal citation omitted). However, the reasoning employed by the courts in *Alqaq* and *Platek* reflect that an important consideration in both cases was that the plaintiffs had alleged the entry of a final judgment of foreclosure in favor of the mortgagees. *See Alqaq*, 2014 WL 1689685, at *3 ("Although the conduct complained of appears to have been improper and even tortious as performed, it was, as stated in notices, to secure and winterize *foreclosed* property. *CitiMortgage's security interest was recognized and foreclosed* in proceedings . . . . Plaintiff then had a 30-day possessory interest in the property. No facts alleged indicate that the action taken by Safeguard and A & D was disablement or dispossession in enforcement of security interests or debt collection.") (emphasis added); *Platek*, 2014 WL 2808908, at *1 ("Plaintiff's

counsel is attempting to 'federalize' putative state law claims or violations . . . regarding the deprivation of, or interference with, personal property. This is particularly true given Plaintiff's candid admissions that he was, for years, 'unable to make the monthly payments' on his mortgage (the purported 'debt,' under the FDCPA, being collected), that he defaulted on the mortgage, and that the foreclosure proceedings against him 'progressed normally' to an *uncontested entry of judgment in the mortgagee's favor*.") (emphasis added). Here, by contrast, it is not alleged, nor has it been indicated by the parties, that a final judgment of foreclosure in favor of CitiMortgage has been entered. The Court finds this distinction significant; in effect, it allows the reasonable inference that the underlying mortgage (the debt for purposes of the FDCPA) remains unsatisfied.

Like the courts in *Alqaq* and *Platek*, the court in *Gordon* held that Safeguard and a codefendant's alleged conduct—which included breaking into the plaintiff's home, removing plaintiff's personal belongings, and trashing plaintiff's home—"[was] not inherently associated with the collection of a debt." *Gordon*, 964 F. Supp. 2d at 948. At oral argument, Safeguard and Sea Moore emphasized that debt collection is by no means their principal purpose, and, relying heavily on *Gordon*, argued that their alleged conduct was, at most, incidental to debt collection. However, central to the holding in *Gordo*n was that "there [was] no allegation that plaintiffs actually owed any debt. . . . [as] plaintiffs [] alleged that they purchased their property with cash and ha[d] no outstanding loans or mortgages on the property." *Id.* As Judge Moody explained:

> All that has been alleged is that defendant [] ordered contractors to break into plaintiff's home, remove personal property, and trash the home. There are no allegations that any defendant made any sort of communication, threat, or any mention regarding a debt owed by plaintiffs. Without any sort of allegation that these acts were done in an attempt to collect a debt, they are not sufficient to bring plaintiffs under the protection of the FDCPA.

*Id.* at 948-49. To be sure, the Court agrees with Judge Moody's observation that the kind of conduct alleged in *Gordon* (and in this case) is not "*inherently* associated with the collection of a debt." *Id.* at 948 (emphasis added). But here, unlike in *Gordon*, there are allegations of an underlying debt—namely, the mortgage between Plaintiff and CitiMortgage—as well as allegations that Safeguard and Sea Moore's conduct was undertaken at the behest of CitiMortgage—the mortgagee. *See* ECF No. [43] at ¶¶ 1, 32; *cf. Gordon*, 964 F. Supp. 2d at 949 ("If there was no attempt to collect a debt in this case, plaintiffs do not have a claim for the violation of the FDCPA. . . . In this case, plaintiffs have not alleged *the existence of a debt*, that *either defendant* [Bank of New York Mellon Corporation] or defendant Safeguard were attempting to collect a debt, or even that defendant [Bank of New York Mellon Corporation] or defendant Safeguard mistakenly believed that plaintiffs were obligated to pay a debt.") (internal citations omitted) (emphasis added).

In contrast to the cases discussed above, in *Simpson v. Safeguard Props., LLC*, 2013 WL 2642143 (N.D. Ill. 2013), the court determined that allegations similar to those presented in Plaintiff's Second Amended Complaint stated a claim against Safeguard under the FDCPA, and were sufficient to reasonably infer that Safeguard is a debt collector for purposes of the FDCPA. The court reasoned as follows:

> Although Simpson does not allege that Safeguard collects or attempts to collect debts on behalf of mortgage companies, entities that contact consumers attempting to facilitate communication with creditors have been found to be "debt collectors." Safeguard argues that the facts in Simpson's complaint demonstrate that Safeguard is merely a messenger. However, *the allegation that Safeguard markets its services to mortgage companies makes it reasonable to infer that Safeguard attempts to regularly facilitate the collection of debts*, which the court finds qualifies under § 1692a(6) as "regular[ ] … attempts to collect, ... indirectly, debts ... asserted to be owed or due another."

*Id.* at *2 (internal citations omitted) (alterations in original) (emphasis added).

Given the specific allegations in this case, the Court finds *Simpson* persuasive. As discussed, the Second Amended Complaint alleges an underlying debt (the mortgage) and that the alleged conduct of Safeguard and Sea Moore was initiated on behalf of CitiMortgage (the mortgagee), whose status as a debt collector for purposes of the FDCPA does not appear to be in dispute. Moreover, the Second Amended Complaint also alleges that Safeguard's "main business purposes is to act as a property preservation firm in the bank-engaged foreclosure field services industry *for mortgage holders/service providers*[,]" and further, that Safeguard "represent[s] itself as a company that 'inspects and maintains defaulted and foreclosed properties *for a wide range of clients in the mortgage industry, from local loan servicing companies to national publicly traded mortgage servicing corporations*." ECF No. [43] at ¶¶ 12-13 (emphasis added). These allegations are analogous to the allegation in *Simpson* that Safeguard "markets its services to mortgage companies." 2013 WL 2642143, at *2. As in *Simpson*, this Court draws the reasonable inference from the allegations in the Second Amended Complaint that Safeguard and Sea Moore attempt to regularly facilitate the collection of debts, which qualifies under 15 U.S.C. § 1692a(6) as "regular[] . . . attempts to collect, . . . indirectly, debts . . . asserted to be owed or due another." *See Simpson*, 2013 WL 2642143, at *2 (quoting § 1692a(6)); *see also Flippin v. Aurora Bank*, FSB, 2012 WL 3260449 (N.D. Ill. Aug. 8, 2012) (allegations that defendant changed the locks on the house and "winterized" it by turning off the water supply and disconnecting the hot water heater at the mortgagee bank's direction and also took plaintiff's personal belongings from the house adequately pled that defendant was a debt collector for the purpose of § 1692f); *Bywater v. Wells Fargo Bank, N.A.*, 2014 WL 1256103 (ND. Ill. Mar. 24, 2014) ("Plaintiff alleges that A-Son's, acting in concert with LPS, changed the locks on the home and removed some of plaintiff's personal property, and also destroyed or damaged other

personal property, before any foreclosure case had even been filed, let alone proceeded to judgment. That activity, which plaintiff alleges was part of an effort to evict her and her family from the home, is within the scope of what subsection 1692f(6) prohibits. . . . The complaint alleges that both LPS and A-Son's are in the business of securing properties for mortgage lenders in connection with foreclosures, . . . which is sufficient to bring them within the scope of section 1692a(6)'s expanded definition of a 'debt collector.'"); *Schlaf, et al. v. Safeguard Properties, LLC,* 2016 WL 612866 (N.D. Ill. Feb. 16, 2016) (analogizing *Simpson*, 2013 WL 2642143, and holding that the allegations in the complaint—that Safeguard advertised as part of its services the facilitation of contact between delinquent borrowers and mortgage companies, and that Safeguard, upon inspection of the plaintiff's residence, left a door hanger on the door requesting the recipient to contact the mortgagee bank—sufficiently alleged that Safeguard is a debt collector).

Accordingly, the Court finds that, for purposes of the FDCPA, the Second Amended Complaint sufficiently alleges that Safeguard and Sea Moore are debt collectors and that the activity in which they allegedly engaged relates to debt collection.

**B. FCCPA Claim against Safeguard and Sea Moore (Count III)**

The FCCPA, §§ 559.55 *et seq.*, like its federal counterpart, the FDCPA, is designed, in part, to eliminate abusive practices in consumer debt collection. *Abby v. Paige*, 903 F. Supp. 2d 1330, 1334 (S.D. Fla. 2012). As such, FCCPA claims are similar to FDCPA claims in that the FCCPA only applies to collection activity arising from a consumer debt and requires an act or omission prohibited by the FCCPA. *See Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013) (citing Fla. Stat. § 559.55(1)). In seeking dismissal of Plaintiff's FCCPA claim, Safeguard and Sea Moore rely on the same arguments they make against Plaintiff's FDCPA

claim—namely, that the Second Amended Complaint fails to sufficiently allege that their acts were done in an attempt to collect a debt or that Safeguard constitutes a debt collector.[4] *See* ECF No. [46] at 6; ECF No. [65] at 7. These arguments are equally unpersuasive in this context.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Safeguard Properties' Motion to Dismiss, **ECF No. [46]**, is **DENIED**.

2. Defendant Sea Moore's Motion to Dismiss, **ECF No. [65]**, is **DENIED**.

3. Defendant Safeguard Properties and Defendant Sea Moore shall, to the extent that they have not already done so, respond to the Second Amended Complaint by **April 17, 2017**.

   **DONE AND ORDERED** in Miami, Florida this 7th day of April, 2017.

   _____
   **BETH BLOOM**
   **UNITED STATES DISTRICT JUDGE**

cc:     Counsel of Record

---

[4] The Court notes that, in contrast to the second element required of an FDCPA claim, the FCCPA prohibits acts of "persons" and, accordingly, is not limited to "debt collectors." *Id.*; *Kelly v. Davis*, 2014 WL 12515345, at *7 (M.D. Fla. July 17, 2014) ("In the specific context of the FCCPA, the second requirement differs from the FDCPA in that the FCCPA, by its terms, prohibits acts of 'persons' as well as those of 'debt collectors.'").